IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| STEVEN M. WORKMAN, #1733806, | § | |
| Petitioner, | § | |
| | § | |
| v. | § | 3:13-CV-4058-D-BK |
| | § | |
| WILLIAMS STEPHENS, Director TDCJ-CID, | § § | |
| Respondent. | § | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

Petitioner, a Texas state prisoner, filed a *pro se* petition for a writ of habeas corpus under 28 U.S.C. § 2254. For the reasons that follow, it is recommended that the petition be summarily dismissed.

**I. BACKGROUND**

On June 28, 2011, Petitioner pled guilty to possession of a controlled substance and was sentenced to ten years imprisonment. *State v. Workman*, No. 35798-CR (40th Judicial District Court, Ellis County, 2011). Although Petitioner did not appeal, he unsuccessfully sought state habeas relief in two separate applications. *See Ex Parte Workman*, No. WR-78,927-01 (Tex. Crim. App. Feb. 20, 2013) (denying state habeas application); *Ex Parte Workman*, No. WR-78,927-02 (Tex. Crim. App. Jun. 19, 2013) (dismissing successive state application).[1] Then on October 8, 2013, Petitioner filed this federal petition. (Doc. 3 at 6-11).

---

[1] The dates listed were verified through information available on the state court Internet web page for Texas Court of Criminal Appeals (TCCA), and the electronic state habeas court record obtained through the TCCA.

## II. ANALYSIS

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) establishes a one-year statute of limitations for state inmates seeking federal habeas corpus relief, which the Court may consider *sua sponte*. *See* 28 U.S.C. § 2244(d); *Kiser v. Johnson*, 163 F.3d 326, 328-29 (5th Cir. 1999). The one-year limitations period is calculated from "the date on which the judgment [of conviction] became final by the conclusion of direct review or the expiration of the time for seeking such review." *See* 28 U.S.C. § 2244(d)(1)(A).

Petitioner's conviction became final on July 28, 2011, thirty days after the June 28, 2011, judgment. *See* Tex. R. App. P. 26.2(a)(1). The one-year limitations period began running on July 29, 2011, and expired one year later on Saturday July 28, 2012, which was extended to Monday July 30, 2012. *See* Fed. R. Civ. P. 6(a). As this federal petition was apparently untimely filed, the Court directed Petitioner to respond regarding the application of the one-year limitations period and, subsequently, he was permitted to submit evidence to support his equitable tolling and actual innocence arguments. (Doc. 8, 11).

<u>Statutory Tolling</u>

As an initial matter, subsections (B) through (D) of 28 U.S.C. §§ 2244(d)(1) are inapplicable here. Petitioner's pleadings, even when liberally construed, allege no state created impediment under subparagraph (B) that prevented timely filing of the claims. Nor does Petitioner base his grounds on any new constitutional right under subparagraph (C). With regard to subparagraph (D), the Court determines that the facts supporting the grounds for relief became or could have become known prior to the date on which Petitioner's conviction became final. Moreover, Petitioner is not entitled to statutory tolling during the pendency of his state applications, which were signed on October 29, 2012, and May 9, 2013. *See Scott v. Johnson,*

227 F.3d 260, 263 (5th Cir. 2000) (statutory tolling unavailable if state habeas application is filed after one-year period has expired).  Therefore, the federal petition, deemed filed as of October 4, 2013 -- over two years after Petitioner's state conviction first became final -- is time barred, absent equitable tolling.[2]

Equitable Tolling

Because the one-year statutory deadline is not a jurisdictional bar, it is subject to equitable tolling in appropriate circumstances.  *Holland v. Florida*, 560 U.S. 631, ___ 130 S. Ct. 2549, 2560 (2010).  To be entitled to equitable tolling, a petitioner must show "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing."  *Lawrence v. Florida*, 549 U.S. 327, 336 (2007) (quotations and quoted case omitted).  "'Courts must consider the individual facts and circumstances of each case in determining whether equitable tolling is appropriate.'"  *Mathis v. Thaler*, 616 F.3d 461, 474 (5th Cir. 2010) (quoted case omitted).

This case does not present the type of due diligence and extraordinary circumstances required for equitable tolling.  *See Howland v. Quarterman*, 507 F.3d 840, 845-46 (5th Cir. 2007) (summarizing cases).  Having squandered the entire one-year period, Petitioner clearly failed to act with due diligence.  *See Phillips v. Donnelly*, 216 F.3d 508, 511 (5th Cir. 2000) (habeas petitioner must pursue the habeas "process with diligence and alacrity").  After his conviction became final, Petitioner waited fifteen months before he filed his first state habeas application.  His lack of diligence did not end there.  Following the denial of that state application, Petitioner again delayed two and one-half months before filing his successive state

---

[2] In light of Petitioner's *pro se* status and the "mailbox rule," *see* Rule 3(d) of the Rules Governing Section 2254 Proceedings ("mailbox rule" applicable to inmates who use jail/prison's internal mailing system), the Court liberally construes the federal petition filed on October 4, 2013.  (Doc. 3 at 9).

application. After the dismissal of that action, he waited an additional three months before submitting the instant federal petition. Petitioner's extended periods of inactivity clearly indicate lack of due diligence.

In addition, Petitioner does not show that an "extraordinary circumstance" prevented timely filing. *Holland*, 130 S. Ct. at 2562. He relies solely on his alleged depression and depressive disorder to explain the lengthy delays in his case. (Doc. 8 at 2-6). While mental illness may support equitable tolling of the limitations period, *see Fisher*, 174 F.3d at 715, it does not do so as a matter of course and the petitioner still bears the burden of proving rare and exceptional circumstances. *Smith v. Kelly*, 301 Fed. Appx. 375, 378 (5th Cir. 2008) (unpublished per curiam). Unsupported, conclusory assertions of mental illness are insufficient to support equitable tolling. *Id.* Moreover, the mental illness must render the petitioner "unable to pursue his legal rights during" the relevant time period. *Id.; see also Hulsey v. Thaler*, 421 Fed. Appx. 386, 391 (5th Cir. 2011) (unpublished per curiam), *cert. denied*, 132 S. Ct. 1923 (2012) (affirming district court's refusal to equitably toll limitations period based on petitioner's mental condition, where petitioner was stable and capable of filing his petition for a period of time that lasted over one year).

Here, as in *Smith*, Petitioner has submitted nothing to demonstrate that during the one-year limitations period, from July 29, 2011, to July 30, 2012, he suffered from a mental illness that prevented him from pursing his legal rights. In March 2011 (three months before he was convicted), Petitioner was hospitalized at Green Oaks Hospital due to an overdose of Xanax pills. (Doc. 11 at 2, 7). Although he was diagnosed with depression and prescribed two medications, Petitioner never filled them. *Id.* Then, in October 2011, Petitioner underwent a mental evaluation review following his transfer to the Texas Department of Criminal Justice

(TDCJ).  *Id.* at 7.  However, the form only reiterated the 2011 Green Oaks hospitalization and depression diagnosis.  *Id.*

Although given the opportunity to submit evidence to support his equitable tolling argument, Petitioner has provided no evidence that he was treated for depression or depressive disorder during the one-year period (between July 2011 and July 2012.  While he requests the Court to order his mental health records from Green Oaks Hospital (Doc. 11 at 1), they would not advance his equitable tolling claim because they preceded the one-year limitations period for filing his federal petition.

Even assuming that Petitioner suffered from depression/depressive disorder, which remained untreated during the one-year period, there is nothing in the record to suggest that his condition rendered him unable to pursue his legal rights, namely timely filing his [section 2254](#) petition.  See *[Lara v. Thaler](#)*, No. 3:12-CV-4277-N-BK, 2013 WL 2317063 *3 (N.D. Tex. 2013) (declining equitable tolling because the records Petitioner submitted did not establish that his depression or depressive disordered prevented him from timely filing his federal petition). Likewise, his general, conclusory assertions that depression is a debilitating condition which causes hopelessness when left untreated (Doc. 8 at 2) do not suffice to establish equitable tolling. See *[Wilson v. Quarterman](#)*, No. 3:08-CV-1339-M, 2008 WL 5350303, *3-4 (N.D. Tex. 2008) (declining equitable tolling because petitioner's vague, unsupported, self-serving allegations were insufficient to show he was incompetent to pursue his legal rights during the limitations period).  Moreover, it is clear from the record that Petitioner's depression did not prevent him from submitting his state habeas applications shortly after the one-year period elapsed.

Accordingly, the Court concludes that Petitioner cannot carry his burden of establishing that equitable tolling is warranted in this case.  See *Alexander v. Cockrell*, 294 F.3d 626, 629 (5th Cir. 2002) (party seeking equitable tolling has burden of showing entitlement to such tolling).

Actual Innocence

Despite the fact that he pled guilty, Petitioner also asserts that he is actually innocent of his holding conviction, possession of a controlled substance.  While a claim of actual innocence may provide "a gateway through which a petitioner may pass" when the limitations period has elapsed, "tenable actual-innocence gateway pleas are rare."  *McQuiggin v. Perkins*, ––– U.S. –––, 133 S. Ct. 1924, 1928 (2013).  To meet the threshold requirement, a petitioner must present new evidence in support of his claim and "'show that it is more likely than not that no reasonable juror would have convicted him in the light of the new evidence.'"  *Id.* at 1928, 1935 (quoting *Schlup v. Delo*, 513 U.S. 298, 327 (1995)).  Here, Petitioner presents no newly discovered evidence that would undermine this Court's confidence regarding the state court's findings of guilt.  The April 2011 affidavit of Lisa Cramer, that the prescription medication found in Petitioner's car belonged to her, was prepared *before* Petitioner pled guilty in June 2011.  (Doc. 11 at 3).  Similarly, trial counsel's 2012 affidavit, submitted to the state habeas court in response to Petitioner's claims of ineffective assistance of counsel, does not present any newly discovered evidence.  *Id.* at 6.  Rather, it confirms that counsel advised Petitioner of an eight-year plea offer, that counsel never told him that he would be eligible for parole in 2 ½ years, and that counsel conducted an appropriate investigation.  *Id.*  Likewise, the memorandum in support of his habeas petition, *id.* at 1, contains no arguments or evidence sufficient to refute his guilty plea.  (Doc. 10).  Therefore, Petitioner's actual innocence claim is wholly unsupported and, thus, lacks merit.

## III. RECOMMENDATION

For the foregoing reasons, it is recommended that the petition for writ of habeas corpus be summarily **DISMISSED** with prejudice as barred by the one-year statute of limitations.

SIGNED January 10, 2014.

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); F̲ED. R. C̲IV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE